## SQUIRE LOWRY *v.* GEO. H. W. YOUNG.

Execution—Sales Under—Void When More Property Sold Than Necessary—
Amount of Execution for $600.00—Sale for More Than $800.00

The fact that the defendant in the execution was present and orally
consented to the sale did not import to it legal validity, nor authorize
the sheriff to convey to the purchaser.

APPEAL FROM MADISON CIRCUIT COURT.

December 20, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

The execution under which the land of the appellant Lowry
was sold, amounted, interest and costs included, to about six
hundred and fifty dollars.

Said land was sold for something over two hundred dollars
more than that amount. There can be no doubt but this excess
was so great as to render the action of the sheriff, so far as it
depended upon the authority conferred upon him by the execution
in his hands, absolutely void.

The fact that the defendant in the execution was present and
orally assented to the sale, did not import it to legal vitality, nor
authorize the sheriff acting in his official capacity to convey the
land sold, to the purchaser. The most that the appellee Young
can claim is that he is the purchaser of Lowry's land by a verbal
contract. The action of *Scott vs. Lowry,* was in no sense a
judicial contest between the last named parties, and the judgment
of the court in that case did not have the effect of a judicial
determination of their respective rights growing out of the exe-
cution sale before mentioned.

We do not think the action of the Madison Circuit Court in
refusing, (upon the motion of Lowry) to set aside said sale, pre-
cludes him from making defense to this proceeding.

The sale still stands and Young is still entitled to all rights
and legal advantages growing out of the same, and nothing more.
And for this reason we are of opinion the circuit court erred in
sustaining exceptions to all the depositions taken by Lowry to
be read as evidence in his favor upon the trial of this action.

The evidence thus excluded, establishes very satisfactorily that Young resorted to improper and fraudulent means to prevent competition in the bidding at the execution sale, and also in pro· curing Lowry's land to be appraised at but little more than half it's real value. The most favorable attitude that he can claim to occupy is that of a purchaser from Lowry by verbal contract; and as Lowry relies upon the statute of frauds and refuses, to complete the sale, he can recover only, the amount of his bid, with interest from the date of the same and his costs, and to secure the judgment of this amount he holds a lien upon Lowry's land.

There is no satisfactory proof that Lowry ever became the tenant of Young, but we do not see how this fact, if satisfactorily proven, could have the effect of stopping him from relying upon the defense he makes to this action. There having been no change of possession, the adjustment of rents and interest, does not embarrass the settlement of this controversy.

The judgment of the circuit court is reversed and the cause remanded with instructions to render a judgment in conformity with the principles indicated in this opinion.

*Scott, Turner, for appellant.*
*Burnam, for appellee.*